# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROYAL WILLIAMS, as parent and next friend of JADEN WILLIAMS, a minor, | ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. |
| v. | ) ) | Judge |
| OFFICER MICHAEL GAINES, | ) ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, ROYAL WILLIAMS, as parent and next friend of JADEN WILLIAMS, a minor, by and through his attorneys, Erickson & Oppenheimer, complaining against the Defendant, OFFICER MICHAEL GAINES, as follows:

### INTRODUCTION

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

### VENUE

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

### THE PARTIES

4) The Plaintiff, Jaden Williams, is a 10 year old resident of the Northern District of Illinois.

5) Royal Williams is the father of minor Jaden Williams and is a resident of Indiana.

1

6) On information and belief, the Defendant, Officer Juan Reyes, Jr. was a duly appointed police officer of the City of Chicago and an employee and agent of the Chicago Board of Education acting within his scope of employment and under color of law.

7) Defendant, Chicago Board of Education, is a school system in Chicago, Illinois in charge of the management and operation of Bennett Elementary School located at or about 10115 S Prairie Ave. in Chicago, Illinois.

## FACTS

8) On or about March 26, 2015, Jaden was seated at a lunch table while in school as a student at Bennett Elementary School.

9) On or about March 26, 2015, the Defendant was assigned to work as a police officer and school security officer at Bennett Elementary School.

10) The Defendant approached Jaden and exchanged words with him.

11) Thereafter, without any basis or provocation, the Defendant used undue force against Jaden, including without limitation shoving Jaden and causing his face to make contact with the lunch table.

12) Jaden sustained physical injury as a result of the Defendant's use of force.

## COUNT I—EXCESSIVE FORCE

13) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

14) The actions of the Defendant as set forth hereto constitute excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

15) Said actions of the Defendant were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

16) Said actions of the Defendant were objectively unreasonable under the circumstances.

17) As a direct and proximate consequence of the Defendant's actions, the Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II— BATTERY

18) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

19) As set forth hereto and without the consent of Plaintiff, the Defendant offensively touched Plaintiff intentionally, with malice, and without justification.

20) As a direct and proximate result of the Defendant's actions, Plaintiff suffered bodily harm.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT III—INDEMNIFICATION

21) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

22) At all relevant times, Defendant CHICAGO BOARD OF EDUCATION was the employer of the Defendant Officer.

23) The Defendant Officer committed the acts alleged above under the color of law and in the scope of his employment as an employee of the CITY OF CHICAGO.

24) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

25) As a proximate cause of the Defendant Officer's unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

**WHEREFORE**, should the Defendants Officer be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant CHICAGO BOARD OF EDUCATION be found liable for any compensatory

judgment as Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT IV—*RESPONDEAT SUPERIOR*

26) Each of the paragraphs above is incorporated by reference as though fully stated herein.

27) In committing the acts alleged in the preceding paragraphs, the individual Defendant was an agent of the CHICAGO BOARD OF EDUCATION and was acting at all relevant times within the scope of his employment and under color of law.

28) Defendant CHICAGO BOARD OF EDUCATION is liable as principal for all torts committed by its agents.

WHEREFORE, the Defendants Officer be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant CHICAGO BOARD OF EDUCATION be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Ronak Maisuria

Erickson & Oppenheimer, Ltd.
118 S. Clinton, Ste. 200
Chicago, IL 60661
312-327-3370